# Exhibit A

Filed 10/27/2020 3:45 PM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ Angela Gardea

Midland County - 385th District Court

CAUSE NO. CV57148

| | | |
|---|---|---|
| **BRITTANY GILLIAM** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **PEERLESS TYRE CO.** | § | |
| **(INDIVIDUALLY and D/B/A** | § | |
| **PEERLESS TIRES 4 LESS),** | § | |
| | § | |
| *Defendants.* | § | MIDLAND COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Brittany Gilliam, Plaintiff, complaining of and about Peerless Tyre Co. (individually and d/b/a Peerless Tires 4 Less) (collectively "**Peerless**" and/or "**Defendants**"), and for cause of action would show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Discovery Level 3, pursuant to TEXAS RULES OF CIVIL PROCEDURE, Rule 190.4.

### II. NOTICE OF USE OF PRODUCED DOCUMENTS

2. Pursuant to TEXAS RULES OF CIVIL PROCEDURE, Rule 193.7, Defendants are hereby notified that any and all documents and tangible things produced or delivered to Plaintiff in this cause will be used by Plaintiff during the course of this litigation.

### III. PARTIES AND SERVICE

3. Brittany Gilliam ("**Plaintiff**"), is an individual residing in Midland County, Texas. Plaintiff can be contacted or otherwise served with documents regarding this lawsuit through her undersigned counsel of record from Brockett & McNeel LLP.

4. Peerless Tyre Co., is a foreign for-profit corporation that is registered to conduct business in the State of Texas through its assumed name and d/b/a, Peerless Tires 4 Less. The Peerless parties can be served through their registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV. JURISDICTION AND VENUE

5. Pursuant to TEXAS RULE OF CIVIL PROCEDURE, Rule 47, this is a suit to recover damages of monetary relief over $200,000.00 but not more than $1,000,000.00 ($1,000,000.00), and such amount is within the jurisdiction limits of this court.

6. This court has jurisdiction over the parties because Plaintiff resides in the State of Texas and because Peerless conducts business in the State of Texas.

7. Venue in Midland County, Texas is proper in this cause under TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Midland County, Texas.

## V. STATEMENT OF FACTS

8. This case is brought by Plaintiff, Brittany Gilliam, to recover damages related to and resulting from an incident that occurred at Peerless' tire shop located at 2804 W. Wall Street, Midland, Texas 79701 (the "**Premises**").

9. Specifically, on or about October 29, 2018, Plaintiff's son, Rylan Ingram ("**Rylan**")—who was then almost 3 years old—went to the Premises with his grandmother. They were both invitees.[1]

10. On information and belief, while Rylan and his grandmother were inside the

---

[1] **APPLICABLE INVITEE STANDARD:** It is well-established that a young child who accompanies [a parent] into a store where the [parent] is planning to shop is, like the [parent], a business invitee. *Thacker v. J. C. Penney Co.*, 254 F.2d 672, 677 (5th Cir.), *cert. denied*, 358 U.S. 820, 3 L. Ed. 2d 61, 79 S. Ct. 31 (1958); *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073, 1076-77 (Tex. 1941). Further, under Texas law, when a merchant invites the public to its store knowing that children will frequently accompany their parents/guardians, the merchant is under a duty to extend to the child the protection of an invitee. *Carlisle*, 152 S.W.2d at 1076-77.

Premises, a tire rim that was being displayed ("**Rim Display**") fell and landed on Rylan's hand, tearing his hand open and causing other substantial injuries (hereinafter referred to as the "**Incident**").

11. As stated above, the Incident occurred inside the Premises, which on information and belief is exclusively owned, operated, managed, and/or controlled by Peerless. On further information and belief, the instrumentality causing the injury—the Rim Display—is understood to have been under the sole management and control of Peerless.

## VI. STATEMENT OF PEERLESS' LIABILITY

12. A prudent owner or occupier of a premises should be aware that a risk of harm is present when certain fixtures and implementations, though not normally dangerous, attract young children to use them in an unintended, but reasonably foreseeable manner.

13. On information and belief, Peerless owns, occupies, and operates the Premises as a tire shop that is open to the public—including Rylan and his grandmother. Further, on information and belief, Peerless knew or should have known that the Rim Display presented an unreasonable risk of harm to its invitees, and especially to young children, like Rylan. Although perhaps not *normally* dangerous, the Rim Display at least posed a foreseeable risk to the safety Peerless' younger patrons, and because the presence of young children on the Premises should have been reasonably anticipated by Peerless, Peerless should have taken into account the decreased capacity of young children to anticipate and appreciate dangers, such as the Rim Display.

14. Peerless therefore breached its duty(ies) to Rylan when it failed to make the dangerous condition of the Rim Display reasonably safe by: (1) entirely removing the Rim Display from the Premises, (2) remediating the unsafe condition of the Rim Display, (3) taking reasonable steps to cause the unsafe condition of the Rim Display to be remediated, and/or (4) warning Rylan and the other patrons of the Premises of the unsafe condition of the Rim Display.

## VII. STATEMENT OF RYLAN'S INJURIES

15. As a direct, proximate, and/or foreseeable result of the acts and/or omissions of Peerless, Rylan was caused to suffer serious, debilitating, and disfiguring injuries, and more specifically, the injuries to Rylan's hand include, but are not limited to: (1) fractured finger(s), (2) lacerations, (3) swelling and scaring, and (4) limited range of movement and mobility. On information and belief, Rylan will (1) suffer from one or more of these injuries, and/or (2) continue to recover from one or more of these injuries for a long time into the future.

## VIII. STATEMENT OF PLAINTIFF'S DAMAGES

16. As a proximate result of the Incident, and without limitation, Plaintiff has suffered the following damages:

- Rylan's past medical expenses;
- Rylan's future medical expenses (through Rylan's 18th birthday);
- Lost wages (past and future);
- Mental anguish and emotional distress; and
- Other out of pocket expenses (travel and lodging expenses, etc.).

## IX. CAUSES OF ACTION

17. Pursuant to the facts set forth above, which are fully incorporated here by reference, Plaintiff brings the following causes of action against Peerless.

### PREMISES LIABILITY

18. In addition to and/or in the alternative to the other claims alleged herein, Plaintiff brings a cause of action against Peerless for premises liability.

19. Owners and occupiers of property owe invitees the duty to exercise ordinary care to (1) keep the premises in a reasonably safe condition, (2) inspect the premises to discover defects, and (3) make safe any defects or give an adequate warning regarding same.

20. At all times relevant to the Incident, Peerless had exclusive ownership, management,

and control over (1) the Premises, and (2) a known condition/instrumentality/fixture that was implemented and incorporated into the Premises—that being the Rim Display. In this regard, Peerless knew or reasonably should have known that the Rim Display posed an unreasonable risk of harm to its invitees, and especially to young children, like Rylan. As such, Peerless had a duty to use ordinary care to (1) entirely remove the Rim Display from the Premises, (2) remediate the unsafe condition of the Rim Display, (3) take reasonable steps to cause the unsafe condition of the Rim Display to be remediated, and/or (4) warn Rylan and the other patrons of the Premises of the unsafe condition of the Rim Display.

21. Each of the aforementioned acts and/or omissions by Peerless constituted a breach of a duty owed to Rylan, which then proximately resulted in Rylan's injuries and Plaintiff's damages, as alleged herein.

**NEGLIGENCE**

22. In addition to and/or in the alternative to the other claims alleged herein, Plaintiff brings a cause of action against Peerless for negligence.

23. On the day of the Incident, Peerless owed a legal duty to Rylan to exercise reasonable care in its ownership, operation, management, and/or control of the Premises, which included the Rim Display.

24. On information and belief, Peerless breached its legal duty to Rylan by acts and/or omissions which include, but are not necessarily limited to:

- Failure to reasonably secure the Rim Display;
- Failure to reasonably and safely implement the Rim Display into the Premises;
- Failure to reasonably maintain the Premises to keep it safe; and/or
- Failure to warn.

25. Each of the aforementioned acts and/or omissions by Peerless constituted a breach of a duty owed to Rylan, which then proximately resulted in Rylan's injuries and Plaintiff's damages.

**RES IPSA LOQUITUR**

26. In addition to and/or in the alternative to the other claims alleged herein, Plaintiff brings a cause of action against Peerless based on the doctrine of res ipsa loquitur.

27. Under the doctrine of res ipsa loquitur, one may infer negligence by a defendant if it is found that the character of the occurrence is such that it would ordinarily not happen in the absence of negligence, and if it is found that the instrumentality causing the occurrence was under the management and control of a defendant at the time the negligence occurred.

28. The circumstances surrounding the Incident clearly speak for themselves and serve as evidence of Peerless' negligence. Particularly, the Incident undisputedly occurred at the Premises, which was under the exclusive ownership, management, and/or control of Peerless. Further, the Incident involved a known condition/instrumentality/fixture that was under the exclusive ownership, management, and/or control of Peerless. As such, the Incident would not have occurred absent negligence on the part of Peerless.

## X. REQUESTS FOR DISCLOSURE

29. Plaintiff hereby requests that each Defendant disclose within fifty (50) days of service of this request, the information and material(s) described in TEXAS RULES OF CIVIL PROCEDURE, Rule 194.2.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon a final hearing or trial of this cause, that judgment be entered for Plaintiff against Defendants, jointly, severely, and/or individually, for the damages alleged herein, plus such other and further relief to which Plaintiff may be entitled, at law or in

equity.

        Respectfully submitted,

        **BROCKETT & MCNEEL LLP**
        TGAAR Tower
        24 Smith Road, Suite 400
        P. O. Box 1841
        Midland, Texas 79702-1841
        Telephone: (432) 686-7743
        Facsimile: (432) 683-6229

        By: *John M. Kash*
        C.H. ("Hal") BROCKETT, JR.
        State Bar No. 03046200
        hbrockett@brockettmcneel.net
        Bethany "Beth" Hill
        State Bar No. 24080413
        bhill@brockettmcneel.net
        JOHN M. KASH
        State Bar No. 24091831
        jkash@brockettmcneel.net

        **Attorneys for Plaintiff, Brittany Gilliam**